IRENE K. YESOWITCH  State Bar #111575
LORRAINE A. BARRABEE  State Bar #136300
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, CA  94104
TEL: (415) 397-2222   FAX: (415) 397-6392
iyesowitch@longlevit.com / lbarrabee@longlevit.com

Attorneys for Plaintiff
EVANSTON INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>QUANTA SPECIALTY LINES INSURANCE COMPANY, NORTH AMERICAN CAPACITY INSURANCE COMPANY and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND EQUITABLE CONTRIBUTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Evanston Insurance Company alleges as follows:

**JURISDICTION**

1. Plaintiff Evanston Insurance Company ("Evanston") is a company that is and was at all times mentioned herein a citizen of the state of Illinois with its principal place of business in the state of Illinois. Plaintiff is and was at all times mentioned herein qualified to do business in California as a surplus lines carrier.

2. Defendant Quanta Specialty Lines Insurance Company ("Quanta") is an Indiana corporation with its principal place of business is in New Jersey.

3. Defendant North American Capacity Insurance Company ("NAC") is a

1  Case No.

COMPLAINT FOR DECLARATORY RELIEF AND EQUITABLE CONTRIBUTION

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

New Hampshire corporation with its principal place of business in New Hampshire.

4.  The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. §1332. The amount in controversy exceeds Seventy-Five Thousand Dollars, exclusive of interest and costs.

**VENUE**

5.  Defendant Quanta conducted business throughout the state of California, including business in the Eastern District of California.

6.  Defendant NAC conducted business throughout the state of California, including business in the Eastern District of Californa.

7.  Plaintiff is ignorant of the true names or capacities of the defendants sued herein under fictitious names DOE 1 through DOE 100. On information and belief, each DOE defendant is a resident of a state other than the state of Illinois and issued one or more policies to Palomar Construction and/or Palomar Builders, Inc. ("Palomar") and failed to contribute to the underlying defense costs. Plaintiff reserves its right to later amend the complaint to specifically identify the defendants as their identities and the facts supporting their liability become known to plaintiff.

**BACKGROUND INFORMATION**

8.  Palomar is a defendant in a lawsuit brought by William and Jennifer Edwards, pending in the Superior Court of the State of California, County of Shasta, Case No. 164399 (hereafter "Underlying Action"). The Underlying Action was filed on September 30, 2008, and alleges that plaintiffs were damaged because property owned by them and built by Palomar and S&J Development was defective and said property experienced resulting and consequential damage including mold due to water intrusion. Plaintiffs in the Underlying Action have also sued the former owners of the property. Said action is still pending.

9.  Plaintiff Evanston Insurance Company (hereafter "Evanston") issued a liability insurance policy to insuring Palomar for its liability for those sums that the insured becomes legally obligated to pay as damages because of property damage to which the insurance applies. The policy also provided that the insurance company would have the right and duty to

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

2                                                      Case No.

COMPLAINT FOR DECLARATORY RELIEF AND EQUITABLE CONTRIBUTION

defend any suit seeking such damages. Said policy was in full force and effect during the time that the property in the Underlying Action was damaged.

10. Defendant Quanta issued one or more policies to Palomar agreeing to pay sums that Palomar became legally obligated to pay because of property damage to which the insurance applied. Said policies also provided that the insurance company would have the right and duty to defend the insured against any suit seeking such damages. Said policies were in full force and effect during the time that property in the Underlying Action was damaged.

11. Defendant NAC issued one or more policies to Palomar agreeing to pay sums that Palomar became legally obligated to pay because of property damage to which the insurance applied. Said policies also provided that the insurance company would have the right and duty to defend the insured against any suit seeking such damages. Said policies were in full force and effect during the time that property in the Underlying Action was damaged.

### FIRST CAUSE OF ACTION: DECLARATORY RELIEF

12. Plaintiff realleges and incorporates by reference paragraphs 1 to 11.

13. Under the terms of the policies issued by Quanta and NAC, a controversy exists between Plaintiff and defendants as to whether defendants are required to participate in the defense of Palomar against the complaint in the Underlying Action.

14. Plaintiff seeks a declaration settling forth the obligations of defendants with respect to the defense of Palomar against the complaint in the underlying action under the policies issued by Quanta and NAC.

### SECOND CAUSE OF ACTION: EQUITABLE CONTRIBUTION

15. Plaintiff realleges and incorporates by reference paragraphs 1 to 14.

16. Plaintiff and defendants Quanta and NAC have potential duties to defend the Underlying Action. The potential duty requires each to defend against the entire Underlying Action, subject to any appropriate and relevant reservation of rights to later deny or limit coverage.

17. Although plaintiff acknowledged its defense obligation and has provided Palomar a defense under a reservation of rights agreement and has paid all of the ongoing defense

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

3                                                                                          Case No.

COMPLAINT FOR DECLARATORY RELIEF AND EQUITABLE CONTRIBUTION

costs incurred in the defense of Palomar, Quanta and NAC have neither acknowledged their present defense obligations nor have they paid anything towards the defense costs, despite repeated requests by Palomar to contribute to the defense costs.

18. Plaintiff has requested equitable contribution from defendants Quanta and NAC to contribute to the defense costs of Palomar but defendants Quanta and NAC have refused to do so.

19. Plaintiff Evanston has paid for certain costs incurred to defend Palomar that equitably should have been paid by defendants Quanta and NAC under the aforementioned insurance policies.

20. By reason of its payment of costs incurred to defend Palomar, Evanston is equitably entitled to indemnity from defendants Quanta and NAC for defense costs that should have been paid by defendants.

21. Plaintiff Evanston has incurred more than Seventy-Five Thousand Dollars in defense costs that should have been paid by defendants Quanta and NAC as their equitable share of said defense costs.

WHEREFORE, Plaintiff Evanston Insurance Company prays for judgment as follows:

1. For a declaration that Quanta and NAC are obligated to defend Palomar in the Underlying Action;

2. For contribution toward the amount Evanston paid in excess of its equitable share of defense costs in defending Palomar;

3. For costs of suit incurred in said action; and

4. For such further relief as the Court may deem just and proper.

Dated: September 27, 2010

LONG & LEVIT LLP

By _____
IRENE K. YESOWITCH
LORRAINE A. BARRABEE
Attorneys for Plaintiff
EVANSTON INSURANCE COMPANY

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

4

Case No.

COMPLAINT FOR DECLARATORY RELIEF AND EQUITABLE CONTRIBUTION

**DEMAND FOR JURY TRIAL**

Plaintiff Evanston Insurance Company hereby demands trial by jury.

Dated: September 27, 2010

LONG & LEVIT LLP

By _____
IRENE K. YESOWITCH
LORRAINE A. BARRABEE
Attorneys for Plaintiff
EVANSTON INSURANCE COMPANY

DOCS\S6560-063\579586.V1

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

5

Case No.

COMPLAINT FOR DECLARATORY RELIEF AND EQUITABLE CONTRIBUTION